Dear Senator Guidry:
I am in receipt of your request for an Attorney General's Opinion pertaining to the interpretation of LSA-R.S. 40:1299.96
with respect to the production of medical records. Specifically, you asked the following questions.
 1) Is an insurance company, health maintenance organization or other entity requesting a patient's health information in the ordinary course of its business (i.e., for purposes of underwriting, claims, payment, etc., with proper authorization but not at the patient's request), the patient's "legal representative" for purposes of La. R.S. 40:1299.96?
 2) If so, is the amount such entity may be charged for the patient's records limited to the amount provided by the statute?
 3) Also, would the rates charged to defense attorneys acting on behalf of an insurance company, etc., under similar circumstances, be limited by the statute?
LSA-R.S. 40:1299.96A(2)(b) provides as follows:
 (b) A patient or his legal representative, or in the case of a deceased patient, the executor of his will, the administrator of his estate, the surviving spouse, the parents, or the children of the deceased patient, seeking any medical, hospital, or other record relating to the patient's medical treatment, history, or condition, either personally or through an attorney, shall have a right to obtain a copy of such record upon furnishing a signed authorization and upon payment of a reasonable copying charge, not to exceed one dollar per page for the first twenty-five pages, fifty cents per page for twenty-six to five hundred pages, and twenty-five cents per page thereafter, a handling charge not to exceed ten dollars for hospitals and five dollars for other health care providers, and actual postage. The individuals named herein shall also have the right to obtain copies of patient X-rays upon payment of reasonable reproduction costs. In the event a hospital record is not complete, the copy of the records furnished hereunder may indicate, through a stamp, coversheet, or otherwise, that the record is incomplete.
Although the statute fails to define a "legal representative", LSA-R.S. 40:2144(B) also addresses the issue of the release of hospital records to a representative and defines a "representative". LSA-R.S. 40:2144(B) provides as follows:
 (B) Hospital records are subject to reasonable access to the information contained therein by the patient or his authorized representative as hereinafter provided.
LSA-R.S. 40:2144A(4) defines a representative to mean:
 (4) . . . the parent of a minor patient, tutor, curator, trustee, attorney, succession representative, or other legal agent of the patient.
As opined in Attorney General Opinion 92-108:
 It is our opinion that both R.S. 40:2144(B) and R.S. 40:1299.96(A)(2) (b) denote the Legislature's intention to reserve control of access to hospital records to the patient. That intention is manifested by the Legislature's use of the word "authorized" and by it's limited definition of "representative" in R.S. 40:2144(B), and the words "patient or his legal representative in R.S. 40:1299.96.
In Opinion 92-108, State Employees Group Benefits Program, referred to herein as SEGBP, asserted that pursuant to administrative rules previously adopted by their Board, the SEGBP is the authorized representative of the patient for the purpose of reviewing hospital bills for overpayments and errors. SEGBP also asserted that a claim form signed once a year from the patient, even for another condition, constitutes authorization for the audit of a hospital confinement. Our office opined that the attestation clause only authorized the release of information restricted to the specific claim for which the form is submitted. Although our office dealt with the specific attestation clause used by SEGBP, the opinion appears to indicate that the language in an attestation clause must be examined closely to determine what action, if any, would be permitted by an insurance company as a legal representative.
Although your request is not limited to hospital records as is LSA-R.S. 40:2144(B), the definition of a "legal representative" appears to be construed narrowly. Therefore, the attestation clause in a release form signed by the patient must be examined closely and be given strict application in determining whether an insurance company is a legal representative. Also, a separate release form is necessary for every claim.
In your second question you ask whether the amount such entity may be charged for the patient's records is limited to the amount provided by statute? If an insurance company, health maintenance organization or other entity is considered "a legal representative" for purposes of LSA-R.S. 40:1299.96, then the amount such an entity can be charged is restricted to the amount provided for by statute.
In your third question, you asked whether the rates charged to defense attorneys acting on behalf of an insurance company, etc., under similar circumstances, is limited by the statute? No, the charges discussed in the statute appear to apply only to the individuals listed in LSA-R.S. 40:1299.96(A)(2)(b) which does not appear to include a defense attorney acting on behalf of an insurance company.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL